of that county a new trial could be ordered in the Justice's Court where there was not evidence to sustain the recovery.

By the amendment above referred to (Laws of 1900, chap. 553), the right to grant a new trial before another justice was limited to a case " where the judgment is contrary to or against the weight of the evidence," so the case of *Manheim v. Seitz* (*supra*) is not applicable to the one we are now considering.

The County Court erred in its award of costs. Its only power was to reverse or affirm the judgment. It had no discretion over the costs. They are regulated by statute. (Code Civ. Proc. § 3066, subds. 3, 4; Id. § 3067.)

The judgment and order should be modified by providing for the absolute reversal of the judgment, with costs to the appellant in this court and the courts below.

All concurred.

Judgment modified by providing for an absolute reversal and as so modified affirmed, with costs in all courts to appellant.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT T. PATRICK, Relator, *v.* JESSE D. FROST, as Warden of the State Prison at Sing Sing, Respondent.

Second Department, December 2, 1909.

Crime — expiration of time set for execution during stay — fixing new date.

Although the week within which one convicted of murder was to be executed expired after the granting of a stay by the Court of Appeals, a new date for the execution can be fixed by the Court of Appeals, or by the Appellate Division of the department in which the conviction was had, pursuant to sections 503 and 504 of the Code of Criminal Procedure.

APPLICATION by the relator, Albert T. Patrick, for a writ of habeas corpus.

*William L. McDonald,* for the petitioner, and petitioner in person.

*Robert C. Taylor,* for the respondent.

Second Department, December, 1909.          [Vol. 135.

Jenks, Acting P. J. (orally):

Some months ago the relator made an application for a writ of habeas corpus, based upon the fact that after he was convicted of murder in the first degree and sentenced to the penalty of death, the Governor of the State, under the power vested in him by the Constitution, granted a commutation.* Many points were raised upon that application, and the matter was discussed at great length and heard by this court with great patience. The court was then unanimously of the opinion that the application should be dismissed.

I understand that the purpose of the relator is to review in the Court of Appeals the action of this court upon that application for a writ of habeas corpus, which resulted in the dismissal of the writ and his remand; and in order that he may raise all the questions which are possible, or which occur to him, this further application for a writ of habeas corpus has been made, so that the court may pass upon a question which was not then raised by the relator. That question, roughly stated, is raised upon the fact that, after a stay was granted by Judge Denis O'Brien of the Court of Appeals, the week within which the sentence was fixed for execution expired. Section 503 of the Code of Criminal Procedure provides as follows: "Whenever, for any reason other than insanity or pregnancy, a defendant sentenced to the punishment of death has not been executed pursuant to the sentence at the time specified thereby, and the sentence or judgment inflicting the punishment stands in full force, the Court of Appeals, or a judge thereof, or the Supreme Court, or a justice thereof, upon application by the Attorney-General, or of the district attorney of the county where the conviction was had, must make an order directed to the agent and warden or other officer in whose custody said defendant may be, commanding him to bring the convict before the Court of Appeals, or a term of the Appellate Division of the Supreme Court in the department, or a term of the Supreme Court in the county, where the conviction was had."

Section 504 provides as follows: "Upon the defendant being brought before the court, it must inquire into the circumstances, and if no legal reason exists against the execution of the sentence, it

---

* See *People ex rel. Patrick* v. *Frost*, 133 App. Div. 179.— [Rep.

must issue its warrant to the agent and warden of the State prison mentioned in the original warrant and sentence, under the hands of the judge or judges, or a majority of them, of whom the judge presiding must be one, commanding the said agent and warden to do execution of the sentence during the week appointed therein."

We are of unanimous opinion that, even upon the expiration of the week in question, the judgment inflicting punishment stood in full force, and that, therefore, the procedure prescribed by the sections of the statute which I have just quoted, namely, section 503 and section 504 of the Code of Criminal Procedure, obtained. For this reason the writ is dismissed, and the relator is remanded to the custody whence he came.